IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RONALD F. BORREGO, SR. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-CV-316-LMB |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| WARDEN L. VALDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Plaintiff's pro se prisoner initial filing, which appears to be a petition for writ of habeas corpus addressed to the state court complaining of conditions of confinement.  (Docket No. 1).  However, because the filing was mailed to the federal court, the Court shall now review the filing.

Federal courts are required to review each case filed by a prisoner to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

## REVIEW OF COMPLAINT

Plaintiff alleges that prison officials have harassed him, that he has been denied access to his criminal defense attorneys, that he has been denied access to the courts, and that he has suffered racial discrimination.  The allegations set forth in Plaintiff's initial filing are too vague to permit him to proceed.  In addition, Plaintiff presents his claims on a form intended for use as

INITIAL REVIEW ORDER - 1

a habeas corpus filing in the state court system.  For these reasons, Plaintiff shall be required to file an amended complaint or a notice of voluntary dismissal, as may be appropriate.

Plaintiff's filing contains few dates or factual descriptions of his causes of action.  He also asserts that he will name the officers responsible for the harassment at a later date.  Plaintiff has not stated how Warden Valdez personally participated in the alleged violations.  The Court cannot properly review Plaintiff's claims unless he sets forth specific allegations against each defendant, and the defendants are unable to defend against a complaint containing no specific factual allegations.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  *See Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  In *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant.  *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979).   A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

*Id*. at 1045.

Plaintiff shall be required to file an amended complaint if he wishes to proceed in federal court.  Plaintiff's amended complaint must specify the following: (1) the names of the persons who personally participated in causing the alleged deprivation of his constitutional rights, (2) the

INITIAL REVIEW ORDER - 2

dates on which the conduct of each defendant allegedly took place, (3) the specific conduct or

action of each Defendant that is alleged to be unconstitutional, (4) the particular constitutional

provision under which Plaintiff makes the claim,[1] (5) the particular injury or damages suffered,

and (6) the particular type of relief he is seeking from each Defendant.

Plaintiff has failed to state whether he has exhausted his administrative remedies by

proceeding through all of the levels of the  prison grievance procedure, including appeal to the

warden.  The Court may not make exhaustion of administrative remedies a pleading requirement,

but Plaintiff's complaint may be subject to dismissal by motion of the Defendants if he failed to

exhaust his administrative remedies.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) ("failure to

exhaust remedies is an affirmative defense, and inmates are not required to specially plead or

demonstrate exhaustion in their complaints"); Title 42 U.S.C. § 1997e(a) ("No action shall be

brought with respect to prison conditions under section 1983 of this title, or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted."); *Booth v. Churner*, 532 U.S. 731 (2001)

(if administrative remedies are not exhausted *prior* to the filing of a lawsuit, the lawsuit is

subject to dismissal).  The Supreme Court has particularly noted: "[W]e stress the point . . . that

we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirements."

*Booth v. Churner*, 532 U.S. at 741, n. 6.  If Plaintiff has not exhausted his administrative

remedies and he elects to pay the filing fee and proceed,[2] he will be responsible for payment of

---

[1]This format should be modified accordingly if Plaintiff alleges state law claims under
the Court's supplemental jurisdiction.

[2]  The granting of an in forma pauperis fee application in federal court is an order to pay
(continued...)

INITIAL REVIEW ORDER - 3

the full filing fee regardless of whether his case is dismissed for failure to exhaust.

If Plaintiff files an amended complaint, he shall also file an application to proceed in forma pauperis or pay the $350 filing fee.  Failure to take any further action shall result in dismissal of his case without prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff shall file either a notice of voluntary dismissal, or an amended complaint (together with an application to proceed in forma pauperis or the $350 filing fee), no later than **thirty days after entry of this Order.**   Failure to take further action shall be cause for dismissal of this action without prejudice.



DATED:  **July 13, 2009**.

Honorable Larry M. Boyle
United States Magistrate Judge

---

[2](...continued)
the fees in increments, not a waiver of fees.  *See* 28 U.S.C. 1915(b)(1) ("if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee").

INITIAL REVIEW ORDER - 4